STACEY R. CUTTING, ESQ. (SBN 265993)
**BISH & CUTTING, APC**
22505 Market Street, Suite 104
Newhall, CA 91321-2935
T: 661.255.8300
F: 661.255.8301
SRC@bishcutting.com

Attorneys for Plaintiffs,
*CASSIE SPIARS & A.T., a minor*

**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CASSIE SPIARS; A.T., a minor by and through her Guardian Ad Litem CASSIE SPIARS,<br><br>        Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 100, Inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiffs CASSIE SPIARS, and A.T., a minor by and through her Guardian Ad Litem CASSIE SPIARS, alleges as follows:

**I.  JURISDICTION AND VENUE**

1. This action arises under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, as hereinafter more fully appears.

2. Venue is proper in the Central District of California, Eastern Division because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Central District of California, and Plaintiff resides within the Central District, Eastern Division.  Venue is proper specifically in the

1 Eastern Division of this District under 28 U.S.C. section 1391(e)(1), because the
2 Plaintiff resides in Victorville which is located San Bernardino County, and there
3 is no real property involved.

## II. GENERAL ALLEGATIONS
### A. THE PARTIES

7   3.   This is an action brought under the Federal Torts Claims Act for personal injuries and economic losses arising out of an automobile collision between a vehicle driven by Baden Gardner, an employee of the UNITED STATES Federal Bureau of Investigation who was driving a vehicle registered to the United States, and Plaintiffs. The collision occurred on June 10, 2020, on Wagon Train Rd., just south of Hwy. 138 in San Bernardino county at approximately 10:50 a.m. Baden Thane Gardner, an employee of the Federal Bureau of Investigations, made a left hand turn from the Chevron parking lot onto Wagon Train Rd., and collided with the vehicle driven by Plaintiff CASSIE SPIARS who was headed northbound. Once Plaintiff SPIARS was hit, she spun into the southbound lane of Wagon Train Rd. and collided with a third vehicle. Plaintiff's young child A.T. was in the vehicle at the time of the collision.

   4.   Plaintiff is informed and believes that at the time of the collision, Baden Thane Gardner was in the course and scope of his office or employment with the Federal Bureau of Investigation, a branch of the federal government.

   5.   Plaintiff is informed and believes that the UNITED STATES is a real party in interest.

   6.   The true names or capacities of the Defendants, Does 1 through 10, whether individual, corporate, municipal, associate or otherwise, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and

1 believes, and thereon alleges, that each of the Doe Defendants is, in some manner, responsible for the events and happenings herein set forth and caused injury and damages to the Plaintiff as herein alleged.

7. Plaintiff alleges on information and belief that in performing the acts and omissions alleged herein, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment.

### B.   FACTUAL BACKGROUND

8. On June 10, 2020, Plaintiffs CASSIE SPIARS and A.T. were traveling northbound on Wagon Train Rd., Baden Thane Gardner caused this collision by making a left hand turn without making sure it was safe to do so, which constitutes negligence per se.

9. Plaintiffs CASSIE SPIARS and A.T. were in the vehicle that was hit, and were injured as a result. Plaintiff SPIARS also suffered property damage to the vehicle that is still unpaid.

10. Plaintiff is informed and believes that at the time of the collision, Baden Thane Gardner was an employee of the Federal Bureau of Investigation, an agency of the UNITED STATES OF AMERICA, and was acting within the course and scope of his employment.

11. If the Federal Bureau of Investigation were a private entity or person, defendant would be liable to Plaintiff in accordance with the laws of the State of California.

12. Pursuant to 28 U.S.C. §2675(a), Plaintiffs each presented an administrative claim to the Federal Bureau of Investigation. This claim was presented on or about October 26, 2020 more than six months from the current date. After presenting the claim, Plaintiff did not receive a denial letter, or any correspondence whatsoever. No response has been received. Thus, Plaintiffs are

1  treating the Department's silence as a denial of the claims.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE
## BY CASSIE SPIARS AND A.T.

(For Personal Injuries, Both Physical And Emotional, and Property Damage)

13.  Plaintiffs incorporate by reference as though fully set forth herein the contents of paragraphs 1 through 12, inclusive.

14.  Baden Thane Gardner operated a vehicle negligently, without due care, and in violation of the laws of the State of California.

15.  Plaintiffs are informed and believe that at the time of the collision, Baden Thane Gardner was an employee of the Federal Bureau of Investigation, an agency of the UNITED STATES OF AMERICA, and was acting within the course and scope of his employment.

16.  Baden Thane Gardner's negligent operation of a motor vehicle caused the automobile collision described above, which caused personal injuries to Plaintiffs, as well as property damage.

17.  As a result of the negligence described above, Plaintiffs CASSIE SPIARS and A.T. received physical and emotional injuries. Following this incident, they have continued to suffer from physical symptoms including, but not limited to knee, neck and back pain. In addition to his physical injuries, CASSIE SPIARS and A.T. have suffered, and continues to suffer, severe emotional distress as a result of this incident.

18.  As a result thereof, Plaintiffs CASSIE SPIARS and A.T. have incurred, and will continue to incur, the costs of medical treatment, along with costs for damaged property.

///
///
///

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

1. General damages according to proof;
2. Special damages according to proof;
3. Prejudgment interest;
4. Costs of suit;
5. For such other relief as may be appropriate.

Wherefore, and in light of the above, Plaintiffs CASSIE SPIARS and A.T. demand judgment against Defendant in the sum of $2,000,000.00.

Dated: June 11, 2021                    BISH & CUTTING, APC

                                        By:/s/ Stacey R. Cutting
                                        Stacey R. Cutting, Esq.
                                        Attorney for Plaintiffs